Upon the trial at HAYWOOD, on the last circuit, before his Honor,Judge Pearson, the plaintiff proved that he was a carpenter, and had made with the defendant the following agreement, to wit: the defendant was to work for the plaintiff at the carpenter's trade three years, and the plaintiff was to teach him the trade, to board him, and furnish him with $90 worth of clothes during the time, and at the end of the time was to give him a suit of clothes and a set of bench tools. He then proved that the defendant had worked for him but two years and four months of the time, and had refused to work the remaining eight months, and that the value of the defendant's work for those eight months was at the rate of $25 per month, which he sought to recover under the first count. The plaintiff proved further that during the two years and four months the defendant was with him he had instructed the defendant in the carpenter's trade, had boarded him, and furnished him with clothes to the value of $114, and a set of (638) bench tools of the value of $15, which he sought to recover under the second count. The defendant proved that at the time he made the contract and set in to work with the plaintiff he was between seventeen and eighteen years of age; that his parents lived in the county, and, though poor, were able and willing to furnish him with his board and clothing. He also proved that he was a stout, able-bodied young man and did much work while he was with the plaintiff.
His Honor charged the jury that, admitting the plaintiff's evidence all to be true, he could not recover upon the first count if the defendant, at the time he entered into the contract and at the time he left the plaintiff's employment, were under the age of twenty-one years. That, in regard to the second count, it was true that infants could bind themselves for necessaries, as for board, clothes, and necessary instruction, and that if the value of the board and clothes furnished and the instruction given by the plaintiff to the defendant exceeded the value of the latter's services, the jury should find for the plaintiff, and allow him the excess; but if the evidence satisfied them that the defendant's services were equal to or exceeded in value the board, clothes, and instruction, the defendant would be entitled to their verdict. There was a verdict and judgment for the defendant, and the plaintiff appealed. *Page 503 
The action is assumpsit. The defendant pleaded nonassumpsit
and infancy. The first count is founded on a breach of a special agreement, entered into by the defendant, to work and labor for the plaintiff for the term of three years, for the consideration therein expressed. We think that the plea of infancy was a good bar to any recovery on this count. Contracts entered into by a person within the age of twenty-one years are not binding unless they be for the supply of necessaries, or unless he has confirmed them after he has attained that age. The second count is on a quantum meruit, for necessaries furnished to the infant defendant. The plaintiff proved that he had furnished the defendant with necessaries. The defendant, under (639) the plea of nonassumpsit, was permitted by the court to give in evidence that he was an able-bodied young man, and that he worked and labored for the plaintiff, and in that way paid for the necessaries which had been furnished him. The judge charged the jury that if they were satisfied that the defendant's services were equal to or exceeded in value the necessaries furnished, they would find for him. We see no error in the admission of the evidence or in the charge of the judge. Undernonassumpsit, evidence of payment in work and labor, or in any other thing which shows that the demand had been ex equo et bono extinguished before the commencement of the action, is proper. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
(640)